United States District Court
Southern District of Texas
**ENTERED**
August 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREA RENAE BOYER, *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-06212 |
| 257TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS, ET AL., *Defendants*. | § | |

# MEMORANDUM AND RECOMMENDATION

Plaintiff filed her Complaint in July 2026.[1] ECF 1. As courts of limited jurisdiction, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The Court's power of sua sponte dismissal is limited by the requirement that plaintiff must have notice of the perceived inadequacy and the opportunity to respond. *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).

Plaintiff alleges that the Defendants (the 257th Judicial District Court of Harris County, Texas; Judge A. Gooden, and Ancillary State Tribunals) acted in the absence of personal and subject matter jurisdiction while ruling in a parent-child

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

matter pending before the 257th District Court. ECF 1. *See also Goodman v. Boyer*, No. 202608348 (247th Dist. Ct., Harris County, Tex. Feb. 6, 2026). Plaintiff also incorporates a variety of documents she filed as defendant in the family-court case (ECF 2; ECF 3) that allege the plaintiff in that case, Brent Goodman, and the Defendants in this case, have engaged in a wide-ranging interstate conspiracy involving: "administrative erasure, utilizing forged post-dated instruments . . ., synthetic UCC-1/SS-4 formations . . .,[2] and hardware data-mirroring . . . to bypass state court rulings, sequester minor children . . ., and draw down fraudulent Title IV-E [of the Social Security Act] and BIA [Bureau of Indian Affairs] program funds." ECF 1 at 2-3. Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1651 that compels the state trial court to vacate its void orders and stay all unauthorized proceedings in the family court matter. ECF 1.

The Court lacks subject matter jurisdiction over Plaintiff's suit. Plaintiff cites the All Writs Act as the basis of subject matter jurisdiction jurisdiction (28 U.S.C. § 1651). ECF 1 at 1. The All Writs Act merely permits the issuance of writs in the aid of federal courts' jurisdiction. *United Sovereign Americans, Inc. v. Nelson*, 762 F. Supp. 3d 523, 527–28 (N.D. Tex. 2025). The statute provides a potential remedy,

---

[2] Plaintiff apparently refers to UCC-1 financing statements used by creditors to secure interest in collateral (*see In re Camareno*, 105 F. App'x 3, 4 (5th Cir. 2004)) and the Internal Revenue Service's Form SS-4, Application for Employer Identification Number (*see* INTERNAL REVENUE SERVICE, *About Form SS-4, Application for Employer Identification Number (EIN)*, https://www.irs.gov/forms-pubs/about-form-ss-4 (last visited Aug. 24, 2026).

but it does not confer subject matter jurisdiction. *Id. See also Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."). Plaintiff has not alleged any other cause of action, so there is no other basis for federal question jurisdiction, and all the Parties in this dispute are alleged to be Texas citizens, so diversity jurisdiction is unavailable.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Claims be DISMISSED WITHOUT PREJUDICE due to a lack of subject matter jurisdiction. The Magistrate Judge's recommendation of dismissal provides Plaintiff with the required notice and Plaintiff has 14 days to file an objection explaining why jurisdiction exists. *See Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021) (explaining that plaintiff who filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 25, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge