United States District Court
Southern District of Texas
**ENTERED**
September 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDRA RENAE BOYER,<br>*Plaintiff*,<br><br>v.<br><br>257[TH] JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS, ET AL.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-06212 |

# ORDER

Plaintiff, proceeding pro se, filed her Complaint in July 2026, accompanied by an application to proceed in forma pauperis.[1] ECF 1; ECF 4. The Court issued a Memorandum and Recommendation on August 25, 2026, recommending that the District Judge deny her application for IFP status and sua sponte dismiss Plaintiff's claims without prejudice for lack of subject matter jurisdiction. ECF 7. Before the Court are four additional filings from September 2, 2026:

(1) Plaintiff's "Emergency Jurisdictional Mandate: Notice of Absolute Non-Consent to Magistrate Jurisdiction, Clerical Correction Pursuant to FRCP Rule 60(a), and Financial Status Cure" (ECF 9);

(2) Plaintiff's "Emergency Omnibus Motion to Compel Inter-Agency Coordination and Evidence Preservation (ECF 10);

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

(3) "Emergency Motion for Immediate Stay of Proceedings" (ECF 11); and

(4) a combined "Notice of Absolute Non-Consent to Magistrate Jurisdiction;" "Emergency Omnibus Motion to Sever and Split All Accounts Pursuant to FRCP Rule 21;" "Emergency Motion for Immediate Stay of Proceedings Pending Mandamus Review (FRCP Rule 8);" "Emergency Motion to Compel Omnibus Issuance of Subpoenas Duces Tecum to Unlock Suppressed Evidence;" "Emergency Application for a Temporary Restraining Order and Preliminary Injunction;" and "Emergency Motion for Appointment of Counsel Pursuant to 28 USC Sec 1915(e)(1)" (ECF 12).

To the extent any of Plaintiff's filings (ECF 9-12) can be construed as objections to the August 25, 2026 Memorandum and Recommendation or the Court's August 25, 2026 denying without prejudice her application to proceed IFP, they are before the District Judge for consideration. This Order resolves her pending motions.

First, as noted by Plaintiff, ECF 9 at 2, the Memorandum and Recommendation issued in this case and docketed on August 25, 2026 has an incorrect case caption. *See* ECF 7. The Court has directed the Clerk to correct the case caption in the Memorandum and Recommendation to correctly state Plaintiff's full name. The Memorandum and Recommendation has not been edited in any other way, and this ministerial act merely clarifies the record and in no way alters the substance of the Memorandum and Recommendation or the timeline to object to the

Memorandum and Recommendation. Although the Memorandum and Recommendation retains the language notifying the parties of their right to file objections, nothing in the correction should be construed as restarting that 14-day period.

Second, Plaintiff purports to "withhold[] consent to the referral, assignment, or jurisdiction of any United States Magistrate Judge over this matter for any purpose—including scheduling, fee evaluations, or report and recommendation formulations." ECF 9 at 1-2. Although Plaintiff's timely withholding of consent to the jurisdiction of a Magistrate Judge to preside over *all* proceedings is noted by the Court, District Judges may still refer any or all pretrial matters to Magistrate Judges pursuant to 28 U.S.C. § 636(b) irrespective of the parties' consent. *Martinez v. SN Servicing Corp.*, 2025 WL 3500635, at *1 (S.D. Tex. Nov. 12, 2025) (stating that consent "is not required before a U.S. District Judge can *refer* a case to a U.S. Magistrate Judge to resolve non-dispositive matters and issue recommendations over dispositive matters"). Having addressed these threshold matters, it is

ORDERED that Plaintiff's Emergency Motion for an Immediate Stay of Proceedings (ECF 11) is STRICKEN from the record because the caption indicates Plaintiff intended to file it in Fifth Circuit and mistakenly filed it the wrong court. ECF 11. It is further

ORDERED that Plaintiff's pending motions (ECF 10; ECF 12) are DENIED in full in light of the Court's finding that it lacks subject matter jurisdiction over this case. This ruling is without prejudice to refiling in the event the District Judge does not adopt the pending Memorandum and Recommendation.

Signed on September 09, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge