United States District Court
Southern District of Texas
**ENTERED**
October 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDRA RENAE BOYER,<br>*Plaintiff*,<br><br>v.<br><br>257TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS, ET AL.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-06212 |

**ORDER**

Plaintiff, proceeding pro se, filed what she titled an "Emergency Petition for Extraordinary Writ of Mandamus" in July 2026.[1] ECF 1. On August 25, 2026, the Court issued a Memorandum and Recommendation recommending sua sponte that this case be dismissed without prejudice for lack of subject matter jurisdiction. ECF 7. Plaintiff did not file substantive objections to the August 25, 2026 recommendation, but filed multiple motions contesting the referral of this case to the Magistrate Judge, which the Court denied.[2] ECF 9-12; ECF 13. The Magistrate Judge's August 25, 2026 Memorandum and Recommendation and Plaintiff's Objections (ECF 15; ECF 16) to the Court's September 9, 2026 Order and Corrected

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

[2] The Court did correct Plaintiff's name, which was misstated in the caption of the Memorandum and Recommendation. ECF 14.

Memorandum and Recommendation (ECF 13; ECF 14) are pending review by the District Judge. On October 13, 2026, Plaintiff filed the following:

1. Plaintiff's Omnibus Master Motion to Supplement Pleading, Vacate Magistrate Orders, and Compel Mandatory Criminal Referrals (ECF 19);
2. Plaintiff's Emergency Master Omnibus Motion and Legal Brief for Direct Article III De Novo Adjudication, Institutional Asset Freeze, and Civil Writ of Habeas Corpus (ECF 20);
3. Plaintiff's Emergency Motion to Vacate Order of Reference and to Revoke Magistrate Jurisdiction Due to Systemic Administrative Fraud on the Court (ECF 21);
4. Plaintiff's Motion for Emergency Status Conference and Demand for Immediate Article III De Novo Adjudication of all Pending Entries (ECF 22); and
5. Plaintiff's Formal Dire Mandate for Exclusive Physical Service and Absolute Prohibition of Substituted or Electronic Notification (ECF 23).

Federal Rule of Civil Procedure 12(f) authorizes a court acting on its own initiative to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fifth Circuit has held that striking a pleading is a drastic remedy to be used "only when the pleading to be

stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)

Plaintiff's October 13, 2026 filings are immaterial, impertinent, and scandalous. The filings are too late to be deemed objections to the Court's August 25, 2026 Memorandum and Recommendation or the September 9, 2026 Order. The filings are for the most part incomprehensible, however, they assert facts and claims that have no possible relation to controversy at hand. The filings are not proper motions because they seek relief the Court does not have authority to grant and is not available under the Federal Rules of Civil Procedure. In addition, the filings contain scandalous accusations of misconduct by the Court. For these reasons, it is

ORDERED that Plaintiff's October 13, 2026 filings (ECF 19; ECF 20; ECF 21; ECF 22; ECF 23) are STRICKEN from the record pursuant to Rule 12(f).

Signed on October 14, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge