United States Courts
Southern District of Texas
FILED

OCT 1 9 2026

Nathan Ochsner, Clerk of Court

**In the United States District Court**

**for the Southern District of Texas**

**Houston Division**

**ALEXANDRA RENAE BOYER**, *Plaintiff/Petitioner*

v.

**257th Judicial District Court of Harris County, Texas, Angela Gooden, Private Capacity, Pamela Hunt, Court Coordinator, BRENT RUSSELL GOODMAN, et al.**, *Defendants/Respondents*

*Other Ancillary Tribunals*

**Civil Action No.: 4:26-cv-06212**
**(DIRECT ARTICLE III ADJUDICATION MANDATED • PRO BONO COUNSEL APPOINTMENT REQUEST)**

---

PLAINTIFF'S FORMAL JURISDICTIONAL OBJECTIONS TO THE MAGISTRATE JUDGE'S OCTOBER 14, 2026 ORDER STRIKING EVIDENCE [ECF NO. 24] AND DEMAND FOR DIRECT ARTICLE III RECOGNITION UNDER THE ANTI-TRAFFICKING STANDARDS OF THE TVPA

---

TO THE HONORABLE JUDGE CHARLES ESKRIDGE:

The Plaintiff, Alexandra Renae Boyer, appearing pro se and sui juris, respectfully submits these Formal Objections pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) directly to the presiding Article III District Judge. Plaintiff explicitly objects to the Magistrate Judge's October 14, 2026 Order [ECF No. 24] which applied Rule 12(f) to strike Plaintiff's evidentiary master omnibus motions from the live record. Plaintiff shows that the Magistrate Judge erred as a matter of law, acted beyond her statutory authority over non-consensual dispositive matters, and inadvertently insulated an active, documentable interstate identity trafficking and child concealment ring from required federal overview.

A rigorous, assertive explanation of the explicit verbiage and legal foundations objecting to the Magistrate's actions is detailed below:

1. THE MAGISTRATE ERRED BY REJECTING CRITICAL JURISDICTIONAL FACTS AS "IMMATERIAL"
The explicit verbiage of the October 14, 2026 Order labels Plaintiff's multi-state forensic evidence as "immaterial, impertinent, and scandalous" under Rule 12(f). This characterization is a severe legal error.

In federal white-collar and civil rights jurisprudence, evidence demonstrating that a state court completely lacks subject-matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) can never be deemed "immaterial".

By striking the certified records of active shadow dockets in Harris County (Cause No. 2026-33773) and Montgomery County (Cause No. 26-08-14766), and others interconnected with this matter against Harris County (Cause No. 2026-08348), the Magistrate effectively blinded this District Court from seeing that the lower tribunals are actively functioning without lawful authority. Under the supreme mandate of the Full Faith and Credit Act (28 U.S.C. § 1738), the final 2019 California Sonoma County Custody Judgments (DEP-5802/5804) hold exclusive continuing jurisdiction. Proving that the parallel Texas relation registries are structurally void *ab initio* is the entire core of Plaintiff's Petition for Writ of Mandamus, rendering the Magistrate's use of Rule 12(f) a prejudicial blockade of material fact.

2. EXCESS OF MAGISTRATE AUTHORITY OVER DISPOSITIVE OUTCOMES
Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72, a Magistrate Judge possesses the legal power to hear and determine only *non-dispositive* pretrial matters. Plaintiff has explicitly and continuously withheld her consent to Magistrate jurisdiction on the face of the public ledger.

While an order to strike text is nominally labeled a pretrial order, the specific verbiage used by the Magistrate effectively functions as a final, dispositive termination of Plaintiff's ability to introduce her cyber-forensic exhibits, FBI IC3 complaints, and police investigation logs into the record. Striking a pro se litigant's entire evidentiary foundation under the guise of procedural cleanup truncates her clear constitutional right to be heard. Because the structural survival of Plaintiff's parentage protections is entirely dependent on these exhibits, the Magistrate's final order exceeded the boundary of § 636(b)(1)(A) and requires absolute vacatur by the Article III District Judge.

3. UNCONSTITUTIONAL VALIDATION OF AN ELECTRONIC SERVICE BLOCKADE
The Magistrate's verbiage improperly penalizes the Plaintiff by ignoring the documentable due process fraud occurring in the lower state courts. The certified records from the 257th Judicial District Court prove that Judge Angela Gooden signed an *Order Authorizing Substituted Service* explicitly commanding all future legal citations to be transmitted via PDF to the email handles `alexandraboyer0827@gmail.com` and `allieboyer91@gmail.com` [0.1.54-0.1.55].

The primary evidence from the Santa Rosa Police Department (Incident Report No. SR220004991) and official FBI IC3 records proves that these exact email interfaces have been completely compromised, hacked, and whitelisted via network-level Mobile Device Management (MDM) under the direct control of perpetrator Brent Russell Goodman [0.1.81-0.1.82, 0.1.109-0.1.110]. By striking the Plaintiff's formal objections, the Magistrate's order inadvertently validates a closed-loop electronic blockade where the perpetrator serves his own spoofed accounts to manufacture fraudulent default judgments [0.1.30, 0.1.54-0.1.55]. This constitutes an ongoing violation of the Due Process Clause of the Fourteenth Amendment under *Windsor v. McVeigh*, which the Magistrate had no legal authority to dismiss.

4. STRUCTURAL FAILURE TO RECOGNIZE CRIMINAL PROBATION EVASION AS AN "EXTRAORDINARY CIRCUMSTANCE"

The Magistrate's text asserts that Plaintiff's motions seek relief the court lacks authority to grant under standard civil guidelines. However, the Supreme Court has long established that standard civil barriers are completely stripped under the *Fraud on the Court Doctrine* (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*) and the authorized exceptions of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1595 [0.1.46-0.1.47].

The fact that an individual under an active 5-year supervised felony probation sentence for Domestic Strangulation out of Goshen County, Wyoming (Docket Nos. CR-2021-40-DC / CR-2021-43-DC) is actively manipulating automated state database registries, "muling" fraudulent captions across borders, and utilizing false residential addresses (8918 Hostler Dr., Tomball, TX) to evade Constable overview while concealing a minor child since September 2025 constitutes a text-book manifestation of "extraordinary circumstances". The Magistrate erred by mischaracterizing this sophisticated, weaponized legal coercion as a standard domestic dispute, failing her statutory obligation to view the record through the mandatory protective lenses of federal anti-trafficking standards.

MANDATORY NOTICE OF CIVIL REMEDIES UNDER THE TRAFFICKING VICTIMS PROTECTION ACT (TVPA)

The Plaintiff explicitly objects to the Magistrate's Order on the grounds that it deprives the Plaintiff of her statutory right to seek federal protection against ongoing human trafficking and involuntary servitude. Pursuant to the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1589 (Forced Labor) and 18 U.S.C. § 1595 (Private Right of Action), the perpetrator's interstate deployment of a complete "doppelganger persona" constructed through identity trafficking constitutes a sophisticated manifestation of legal coercion.

By securing state court orders that explicitly command service of process to be diverted into criminally intercepted and whitelisted email communication portals (alexandraboyer0827@gmail.com and allieboyer91@gmail.com), the lower tribunals have functioned as instruments to enforce an unconstitutional electronic blockade. This scheme was executed for a predatory commercial purpose: to systematically siphon federal Bureau of Indian Affairs (BIA) trust funds, manipulate corporate S-Corp registries, and physically abduct minor children outside the boundaries of the law. Because the TVPA explicitly empowers an Article III judge to enjoin operations that utilize administrative and cyber-forensic manipulation to traffic individuals under color of law, this Court has a non-discretionary constitutional obligation to review the stabilized record de novo.

CONCLUSION AND DEMAND FOR RECONCILIATION:

The Magistrate Judge's October 14, 2026 Order [ECF No. 24] operates as an unconstitutional gatekeeper intercept that silences the voice of a protected trafficking victim and isolates her minor children from federal statutory oversight. Plaintiff further demands an explicit jurisdictional accounting and explanation from the presiding Article III District Judge regarding the total failure to protect Plaintiff from further

unserved orders issued by Magistrate Judge Christina A. Bryan. Plaintiff has repeatedly filed formal, absolute Notices of Non-Consent to Magistrate Jurisdiction and explicit Motions to Revoke the Magistrate Referral.

By continuously permitting a non-consensual Magistrate Judge to issue orders that systematically strike Plaintiff's evidentiary foundation, the Court has inadvertently validated an electronic service blockade. This blockade allows the perpetrator to weaponize unserved orders, strip away Plaintiff's legal identity, and conceal minor children while bypassing meaningful Article III overview. Because a Magistrate Judge completely lacks statutory authority under ***28 U.S.C. § 636(b)*** to issue orders that effectively terminate or dispose of a pro se litigant's civil rights claims without express consent, this Court has a non-discretionary constitutional obligation to explain this procedural failure, vacate the Magistrate's unauthorized entries, and intervene directly to restore due process.

PLAINTIFF, ALEXANDRA RENAE BOYER, respectfully demands that District Judge Charles Eskridge invoke his inherent Article III powers, reject the Magistrate's striking text with zero judicial deference, take mandatory judicial notice of the self-authenticating California and law enforcement exhibits under FRE 201, and schedule an immediate emergency identity-verification hearing to clear the record and restore the minor children to safety [0.1.34-0.1.35, 0.1.46, 0.1.49-0.1.50]..

PLAINTIFF, ALEXANDRA RENAE BOYER, RESPECTFULLY REQUESTS that THIS COURT Issue A writ of mandamus against the lower Court 257th District (Court Case No. 2026-08348) issuing orders that explicitly authorizes service through email accounts that have been criminally compromised and taken over by plaintiff's abusers, it creates a structural failure of due process. This scheme allows the perpetrator to manipulate automated database systems to strip away my legal identity, authority, and federal civil rights. By executing a fraudulent dual representation scheme via compromised communication networks, the perpetrator has effectively blocked my access to federal protection. This electronic blockade was manufactured in the lower courts to conceal the unauthorized diversion of federal trust assets and hide my minor children under fraudulent caretaker wrappers—directly violating active protection orders by trapping the children in the possession of their abuser. Because the perpetrator is actively utilizing a family law venue to evade criminal consequences, violate felony probation, and execute identity trafficking, this matter is a federal anti-trafficking issue under **18 U.S.C. § 1595**, not a domestic dispute, and any further failure to intervene risks making the judiciary complicit in the underlying fraud.

**PRAYER FOR RELIEF**

**PLAINTIFF RESPECTFULLY PRAYS** that this Honorable Court invoke its inherent Article III powers and grant the following immediate, non-discretionary relief:

1. **Emergency Stay of State Proceedings:** That this Court immediately issue an Emergency Order staying all proceedings in the lower state court—specifically regarding the fraudulent trial scheduled for **October 21**—to prevent irreparable harm, resolve the electronic blackout, and halt orders being manufactured under duress;

2. **De Novo Review:** That District Judge Charles Eskridge review the full case filings in this matter independently, giving zero judicial deference to the Magistrate Judge's unauthorized October 14, 2026 Order striking the material information;
3. **Reinstatement of Remedies:** That this Court enter formal orders granting the specific civil, statutory, and emergency remedies previously requested by the Plaintiff in prior filings to ensure immediate protection, identity stabilization, and the restoration of the minor children and Plaintiff in THIS MATTER to safety;
4. **Vacatur of Unconsented Reference:** That this Court formally rule upon Plaintiff's numerous Notices of Absolute Non-Consent, sustain the requested Motion to Revoke the Magistrate Referral, and declare all orders entered by Magistrate Judge Christina A. Bryan regarding dispositive evidentiary matters null and void *ab initio* for absolute lack of individual statutory authority;
5. **Inherent Power to Intervene:** That this Court exercise its inherent constitutional powers to intervene appropriately to halt the ongoing corporate identity trafficking venture, dissolve the electronic service blockade, and issue a formal criminal referral to an independent federal professional investigations unit.

Plaintiff pleads that this Court recognize the extraordinary circumstances, identity theft, and legal coercion documented in the stabilized record, and grant any further relief that justice and federal anti-trafficking standards require.

Respectfully submitted,

Alexandra Renae Boyer

Alexandra Renae Boyer, Pro Se
c/o Park Temple Baptist Church
4027 Irvington Blvd, Houston, TX 77009
346-280-3581

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing formal objections was served upon all parties of record via physical certified mail on this 16th day of October, 2026.

Alexandra Renae Boyer

Alexandra Renae Boyer